IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10CV80-03-MU

| | |
|---|---|
| HAIBER MONTEHERMOSO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| OFFICER HUDSON; SUPERINTENDENT ) | |
| of MARION CORR. INST., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiffs' Complaint under 42 U.S.C. § 1983, filed April 22, 2010. (Document No. 1. )

As in his previous Complaint filed on August 26, 2009, (see 1:09cv338, Doc. No. 1), Plaintiff once again "alleges negligence by the administration at Marion Correctional Institution and the medical staff that cause pain and discomfort that he suffers as the result of multiple injuries." (Complaint at 1.) Plaintiff alleges that on July 30, 2004, he was injured when Officer Hudson closed the electric mechanical door on him and he sustained "substantial internal injuries to his head, neck, shoulders and back, and a blackeye." (Complaint at 2.) Plaintiff contends that shortly after the incident he requested medical treatment but the medical staff did not "perform adequate diagnosis for determining what extent to the injury apparent. Wherefore only the exterior black eye injury received treatment 'ice pack;' other complained such as head, neck and shoulders, back problems went untreated." (Id.)

Upon a careful review of Plaintiff's Complaint, the Court has determined that the matters about which Plaintiff complains are identical to the claims which he already raised in previous

1

Complaint which this Court dismissed. (See 1:09cv338, Doc. No. 1.) Indeed, Plaintiff filed an identical lawsuit on August 26, 2009 against the same defendants. By Order dated September 1, 2009, the undersigned dismissed Plaintiff's case for failure to state a claim for relief and also noted that Plaintiff statute of limitations had long since expired.[1] (Id., Doc. No. 4.)

The principle of res judicata operates to bar further claims by parties or their privies based on the same cause of action that has been previously adjudicated on the merits. See Young-Henderson v. Spartanburg Area Mental Heath Ctr., 945 F.2d 770, 773 (4th Cir. 1991). Therefore, the instant Complaint must also be dismissed due to principles of res judicata.[2]

**SO ORDERED**.

Signed: May 3, 2010

Graham C. Mullen
United States District Judge

---

[1] Plaintiff argues that the three-year statute of limitations does not apply to his medical claims because his injuries are "on-going and permanent." However, the Court notes, as it did in its previous Order, that Plaintiff's claim regarding inadequate medical care fails as he did not name any medical providers as defendants. Further, the Court also notes that in his previous lawsuit Plaintiff provides a completely different reason for waiting so long to bring his claim. In his previous case, he suggested that the delay in filing his suit was because he is from another country and "he did not know anything about the U.S. Constitutional Rights." (See 1:09cv338, Doc. No. 1 at 4.) In response, the Court noted that Petitioner's contention that he was unaware of his right to adequate medical treatment is belied by the number of Complaints Plaintiff has filed in this district and within the State of North Carolina.

[2] The Court notes that this is likely Petitioner's third strike pursuant to 28 U.S.C. § 1915(g). (See 1:09cv338 and 3:08cv592.) The Court also notes that Plaintiff has had several cases dismissed without prejudice in the Middle District of North Carolina. (See 1:10cv249; 1:09cv393; 1:09cv469; 1:09cv519; 1:09cv615.)